**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
WESTPORT MARINA, INC. d/b/a
SHIPSTORE.COM, THE COAST DISTRIBUTION
SYSTEM, INC., KELLOG MARINE, INC., and
C.C. MARINE DISTRIBUTORS, INC.,

                      Plaintiffs,

          - against -

DOLPHINITE, INC., ADAM BOULAY, THE
CLEAN SEAS COMPANY, BROOK VENTURE
PARTNERS, LLC, SUNTEC PAINT, INC., ABC
CORPS 1-10 (ficticious entities) and JOHN DOES
1-10 (ficticious individuals),

                     Defendants.
----------------------------------------------------------X

**ORDER**

CV 06-5569 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Before the Court is Plaintiffs' letter motion to compel production of a QuickBooks CD purportedly containing certain specific financial information of Defendant Clean Seas Company which is sought by Plaintiffs here. [DE 83] Plaintiffs argue that this CD was identified by former Clean Seas employee Cindy Parsley during her deposition and that "all of the documents sought by the plaintiffs' counsel" are on it. *Id.* In support of their motion, Plaintiffs have included, as an exhibit, portions of Ms. Parsley's deposition transcript, a review of which corroborates Plaintiffs' argument and shows that Ms. Parsley did indeed testify that Clean Seas kept its financial and accounting information on a single QuickBooks CD. DE [83-2], at 14, 31, 32, 33. I have also reviewed counsel for Defendant Clean Seas Company's letter in opposition. [DE 84] The letter filed by Plaintiffs "in response to" Clean Seas' opposition is rejected since my Individual Practice Rule

III(A)(1) prohibits the filing of a reply in support of letter motions. [DE 85] For the reasons set forth below, Plaintiffs' motion is hereby GRANTED.

The QuickBooks CD sought here by Plaintiffs is relevant to the claims and defenses brought in this action and must be produced. "Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc.*, 437 U.S. 340, 351 (1978); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"). This Court has held that the "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." *Apicella v. McNeil Labs*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975). In *Apicella*, this Court further noted that the "liberal" discovery rules tend "toward admitting as much evidence as possible so that the facts may be more accurately determined." *Id*. This Court has also held that the scope of a Rule 34 request is governed by Rule 26(b). *United States v. 50.34 Acres of Land in East Hills*, 13 F.R.D. 19, 21 (E.D.N.Y. 1952). The Second Circuit has held that the "granting or denial of [a request under rule 34] is within discretion of the trial court." *Benning v. Phelps*, 249 F.2d 47, 48 (2d Cir. 1957); *see also Clift v. United States*, 597 F.2d 826, 829 (2d Cir. 1979) (holding that it is within the court's discretion to grant or deny document demands). Further, Defendant Clean Seas was previously directed to produce this information in a companion case before me entitled *The Jude Thaddeus Glen Cove Marina, Inc. v. Kellogg Marine, Inc., et al.*, under civil docket number 04-1658. That case was subsequently discontinued. Additionally, I find defense counsel's contentions concerning the

location of the information in Florida to be unavailing and unpersuasive reasons for its non-production.

Accordingly, Plaintiffs' motion is hereby GRANTED. Defendant Clean Seas has the following options concerning the production of the QuickBooks CD: it may either (1) provide Plaintiffs with a copy of the QuickBooks CD in accordance with Fed. R. Civ. P. 34(b)(ii) no later than October 31, 2007; or (2) make the QuickBooks CD available to Plaintiffs for copying and inspection, pursuant to Fed. R. Civ. P. 34(b)(i), here in New York or in Fort Lauderdale, Florida. If Plaintiffs' counsel must travel to Florida for such an inspection, I am directing Clean Seas to bear the cost of travel for Plaintiffs' counsel. I am further directing that any such inspection take place no later than November 12, 2007. If Cleans Seas still requests the entry of a protective order [DE 84], I am directing Clean Seas to make a formal motion, on notice, no later than November 5, 2007.

**SO ORDERED.**

Dated: Central Islip, New York
October 18, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge